**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARTIFICIAL INTELLIGENCE TECHNOLOGY SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARENA BUSINESS SOLUTIONS GLOBAL SPC II, LTD., <br><br> Defendant. | **CIVIL ACTION NO.:** <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff, Artificial Intelligence Technology Solutions, Inc. ("AITS"), by and through its counsel, Bochner PLLC, brings this action against Defendant Arena Business Solutions Global SPC II, Ltd. ("Arena"; together with AITS, the "Parties"), and alleges as follows:

## INTRODUCTION

1.      This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for a judicial declaration that a document dated June 10, 2024, titled "Summary of Proposed Terms & Conditions" (the "Term Sheet") is an unenforceable "agreement to agree" under New York law, and, additionally, that a purported "Exclusivity Provision" in the Term Sheet cannot be separately enforced because the payment called for thereunder constitutes an unenforceable penalty.

## PARTIES

2.      Plaintiff, AITS, is a Nevada corporation with its principal place of business located at 10800 Galaxie Avenue, Ferndale, Michigan 48220.

1

3.      Defendant, Arena, is a Cayman Islands exempt company with its principal place of business located at 405 Lexington Avenue, 59th Floor, New York, New York 10174. Arena also maintains an office at 2500 Westchester Avenue, Suite 401, Purchase, New York 10577.

## JURISDICTION AND VENUE

4.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.

5.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), as the parties are diverse and the amount in controversy is greater than $75,000.00.

6.      The Court has personal jurisdiction over Arena because Arena maintains its principal place of business and an additional office within the Southern District of New York.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Arena maintains its principal offices in this District.

## STATEMENT OF FACTS

### A.  The Non-Binding Term Sheet

8.      The Parties engaged in the spring and early summer of 2024 with an eye towards entering into an arrangement where Arena would provide $25 million in financing to AITS over 36 months (the "Contemplated Transaction"), which intention was expressed in the Term Sheet, signed by the Parties on or about June 10, 2024.

9.      The Term Sheet was unequivocal as to the question as to whether it constituted a binding agreement between the Parties. Specifically, the Term Sheet expressly states in its first paragraph:

> Nothing contained in this _non-binding_ Summary of Proposed Terms and Conditions is or is intended to be a financing commitment of any sort or a commitment to prepare, negotiate, execute or deliver such a financing commitment or provide or arrange all or any portion of the financing set forth herein.

*See* Term Sheet, annexed hereto as Exhibit A at 1 (emphasis added). The Term Sheet also provides:

> Until definitive documentation is executed by all parties, *there shall not exist any binding obligation*, other than as described in "Expense Reimbursement" and in this paragraph, on the part of any party to consummate the transaction described herein or otherwise.

*Id.* (emphasis added).

10.    Although the Term Sheet references "Expense Reimbursement," there is no section in the Term Sheet entitled "Expense Reimbursement," nor is there even a section that deals with the subject of expense reimbursement.

11.    The Term Sheet contained what is titled the Exclusivity Provision, which provision contemplated that in "consideration for the investment of time and effort the Lender [Arena] will incur in order to proceed," AITS could not engage with any other potential financier for 90 days from the date of the Term Sheet, and that violation of this provision would entitle Arena "to receive a cash payment of $100,000." Ex. A at 4.

12.    Notably, no such obligation to act was imposed upon Arena due to the non-binding nature of the Term Sheet. In fact, the Term Sheet explicitly noted that the Term Sheet could not constitute the basis for any claim against Arena.

13.    In the section entitled "Definitive Documentation", the Parties memorialized that they would "endeavor to enter into a mutually acceptable purchase agreement and related documentation . . . within five (5) business days from the date hereof." However, the Parties never entered into a purchase agreement covering the Contemplated Transaction. Ex. A at 2.

### B. Arena's Allegations of Breach of the Term Sheet

14.    The Parties engaged in negotiations in the weeks following the execution of the Term Sheet regarding the Contemplated Transaction.

15.    However, as the Term Sheet was explicit that it did not impose any obligation on the Parties absent entering into a purchase agreement covering the Contemplated Transaction, AITS decided to pursue financing with an alternative financier.

16.    The purchase agreement AITS ultimately entered into differed significantly in at least two material terms from the Term Sheet, both in the amount to be financed and the term of the agreement.

17.    Notwithstanding the non-binding nature of the Term Sheet, on or about July 24, 2024, Arena sent AITS a demand letter (the "Demand Letter") seeking to enforce the Exclusivity Provision of the Term Sheet.

18.    In what was a tacit concession that the Term Sheet was otherwise unenforceable, Arena attempted to shoehorn its demand within the carveout to unenforceability by labeling the Demand Letter "Re: Demand for Expense Reimbursement."

19.    In the Demand Letter, Arena did not claim that its demand for $100,000 was tied to any reimbursement of expenses; rather, it was explicitly demanded "for violating the Exclusivity provision of the Term Sheet."

20.    The $100,000 amount demanded is not reasonably proportional to any damages allegedly suffered by Arena as a result of the purported breach of the Exclusivity Provision.

21.    The payment provided for in the Exclusivity Provision is an unenforceable penalty.

### C.  The First Action

22.    On September 26, 2024, Arena commenced an action against AITS in the Supreme Court of the State of New York, County of New York (the "First Action"), filed under Index No. 655015/2024. *See* First Action Complaint and exhibits filed therewith, annexed hereto as **Exhibit B**.

23.    The subject matter of the action was the Term Sheet. Arena claimed that, under the Term Sheet, it was entitled to a $100,000 payment from AITS for purported violation of the Exclusivity Provision.

24.    In the First Action, Arena asserted three causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Ex. B.

25.    Arena's cause of action for breach of contract was premised on the theory that "[AITS] has breached the Term Sheet." *Id*. at 6.

26.    Similarly, Arena's cause of action for breach of the implied covenant claims that Defendant "with[eld] from [Plaintiff] the benefit of consummating the" Contemplated Transaction. *Id*. at 7.

27.    Finally, Arena asserted unjust enrichment as a result of AITS having "receiv[ed] legal services and financial insights and strategies as a result of Defendant's engagement with" Plaintiff. *Id*.

28.    Tellingly, the term "Expense Reimbursement" did not appear in the Complaint in the First Action.

29.    AITS's attorneys drafted a motion to dismiss the First Action pursuant to N.Y. C.P.L.R. § 3211; however, on November 8, 2024, before AITS could file its motion, Arena voluntarily discontinued the action without prejudice.

30.    Notwithstanding discontinuance, Arena has continued to demand payment from AITS.

## ACTUAL CASE OR CONTROVERSY

31.    There is an actual controversy between the parties to this litigation within the jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

32.    AITS denies that the Term Sheet generally or the Exclusivity Provision specifically are enforceable.

33.    Arena contends that the Term Sheet generally and the Exclusivity Provision specifically are enforceable.

34.    Since the discontinuance of the First Action without prejudice, Arena has issued a renewed demand to AITS based on their claims related to the Contemplated Transaction and AITS's purported breach of the Term Sheet.

35.    Based on the foregoing, a justiciable controversy exists between the Parties.

36.    Absent a declaration of non-enforceability, Arena will continue to pursue bullying and meritless claims against AITS, causing AITS to incur enormous attorneys' fees, inconvenience, and potential reputational harm should Arena commence legal action with respect to the Term Sheet.

## COUNT I: DECLARATORY JUDGMENT

37.    AITS re-alleges and incorporates the allegations of all of the preceding paragraphs as if fully set forth herein.

38.    As a result of the acts and omissions described in the foregoing paragraphs, a substantial controversy of sufficient immediacy and reality exists with respect to enforceability of the Term Sheet generally and the Exclusivity Provision specifically.

39.    As discussed above, AITS denies that the Term Sheet and the Exclusivity Provision are enforceable; Arena takes the opposite viewpoint.

40.    An actual case or controversy exists due to the Parties' diametrically opposed view of the Term Sheet and the Exclusivity Provision, Arena's proven inclination to litigating the enforceability of the Term Sheet, and their renewed demand for compensation based thereon since the discontinuance of the First Action.

41.     A judicial declaration is necessary and appropriate so that AITS may ascertain its rights and remedies in relation to the Term Sheet and the Exclusivity Provision.

42.     AITS has no adequate remedy at law.

43.     AITS requests that the Court enter a declaratory judgment that the Term Sheet and the Exclusivity Provision are both unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, AITS respectfully requests that this Court enter judgement against Arena as follows:

A.     Issuing a judgment declaring that the Term Sheet is an unenforceable agreement to agree and the payment called for in the Exclusivity Provision is an unenforceable penalty.

B.     Ordering that Arena cease all legal action against AITS seeking to enforce the Term Sheet and the Exclusivity Provision.

C.     Ordering that Arena pay all attorneys' fees, expenses, and costs associated with this action; and;

D.     Granting Arena such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh

Amendment, AITS demands a trial by jury on all claims and issues so triable.

Dated: November 13, 2024
     New York, New York

          **BOCHNER PLLC**

By:   <u>/s/ Edward Andrew Paltzik</u>
      Edward Andrew Paltzik, Esq.
      Isaac M. Diskind, Esq.
      1040 Avenue of the Americas,
      15th Floor
      New York, New York 10018
      (516) 526-0341
      edward@bochner.law

*Attorneys for Artificial Intelligence Technology Solutions, Inc.*